980 F.2d 730
 142 L.R.R.M. (BNA) 2384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HOBART MINING COMPANY, INC., Respondent.
 No. 92-6095.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ALLEN, Senior District Judge.*
 
 
 2
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 3
 The National Labor Relations Board (the "Board") filed a decision and order dated December 22, 1988, in Case Nos. 9-CA-25135-1 through -6, -8, -9, and -11 and 9-CA-25357, finding the respondent violated federal labor law by the acts stated therein. The Board now applies for summary enforcement of its decision and order.
 
 
 4
 The respondent opposes such enforcement and urges the application be dismissed on grounds the respondent (1) has ceased all business operations and is defunct, (2) has filed for and been granted a discharge of its debts in bankruptcy, and (3) has had its certificate of incorporation revoked. The Board replies that these events are not defenses to enforcement.
 
 
 5
 We conclude the Board's position is correct and that it is entitled to the enforcement it seeks. See NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934 (6th Cir.1986) (bankruptcy); NLRB v. Electric Steam Radiator Corp., 321 F.2d 733, 738 (6th Cir.1963) (cessation of operations). Cf. Southport Co. v. NLRB, 315 U.S. 100 (1942). To the extent the Board seeks to enlarge on such judgment of enforcement, i.e., by applying it to other entities under a theory of alter ego, new administrative proceedings must be initiated.
 
 
 6
 It therefore is ORDERED that the application for summary enforcement is granted. The respondent, Hobart Mining Company, Inc., Floyd County, Kentucky, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 7
 (a) Threatening employees with the closure of the facility if they insist on contractual wages.
 
 
 8
 (b) Laying off employees or otherwise discriminating against them because they have filed unfair labor practice charges with the Board and/or because they belong to or support the Union or because they engage in other concerted activities for mutual aid or protection.
 
 
 9
 (c) Refusing to comply with the terms of the collective-bargaining agreement, including the failure to pay the wage rates and holiday overtime pay, and to provide medical and hospitalization insurance as prescribed therein.
 
 
 10
 (d) Dealing directly with employees and failing and refusing to bargain collectively and in good faith with the Union.
 
 
 11
 (e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 12
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 13
 (a) Offer the laid-off unit employees immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, discharging, if necessary, any employees hired to replace any of them, and make them whole for any loss of earnings they may have suffered by reason of the Respondent's unlawful layoffs, in the manner described in the remedy section of the Board's decision.
 
 
 14
 (b) Honor and give retroactive effect from August 23, 1987, to the terms and conditions of the collective-bargaining agreement with the Union, including the payment of wages and benefits it prescribes, and make the employees and the Union whole in the manner set forth in the remedy section of the Board's decision.
 
 
 15
 (c) On request, bargain with the Union as the exclusive representative of the unit employees with respect to wages, hours, and other terms and conditions of employment.
 
 
 16
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 17
 (e) Post at its facility in Floyd County, Kentucky, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 18
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 19
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 20
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 21
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 22
 WE WILL NOT threaten employees with the closure of our facility if employees insist on receiving contractually guaranteed wages.
 
 
 23
 WE WILL NOT lay off our employees because they file charges with the National Labor Relations Board, join, support, or assist a labor organization, engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to discourage our employees from engaging in such activities.
 
 
 24
 WE WILL NOT refuse to comply with the terms of the collective-bargaining agreement from August 23, 1987, including the terms requiring us to pay the wage rates and holiday overtime pay, and to provide medical and hospitalization insurance.
 
 
 25
 WE WILL NOT deal directly with employees and fail and refuse to bargain collectively and in good faith with International Union, United Mine Workers of America, as their exclusive bargaining representative.
 
 
 26
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 27
 WE WILL offer employees laid off about March 3, 1988, immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights and privileges, and WE WILL make them whole for any loss of earnings they may have suffered by reason of our unlawful layoffs of them, with interest.
 
 
 28
 WE WILL honor and give retroactive effect from August 23, 1987, to the terms and conditions of the collective-bargaining agreement, including the terms requiring us to pay the wage rate and the holiday overtime pay and to provide the medical and hospitalization insurance required by the contract, and WE WILL make the employees and the Union whole for their losses.
 
 
 29
 WE WILL, on request, bargain with the above-named Union as the exclusive representative of our employees in the bargaining unit with respect to wages, hours, and other terms and conditions of employment.
 
 HOBART MINING COMPANY, INC
 
 30
 (Employer)
 
 
 31
 Dated __________ By ______________________________
 
 
 32
 (Representative)
 
 
 33
 (Title)
 
 
 34
 This is an official notice and must not be defaced by anyone.
 
 
 35
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 550 Main Street, Room 3003, Cincinnati, Ohio 45202-3721, Telephone 513-684-3663.
 
 
 
 *
 The Honorable Charles M. Allen, U.S. Senior District Judge for the Western District of Kentucky, sitting by designation